UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY and VICINITY, | )<br>)<br>)<br>) |
| Plaintiff, | ) Cause No. 2:22-CV-344-PPS-JEM |
| v. | )<br>)<br>) |
| C.N.B. CONSTRUCTION, LLC, and A.C.C.I., LLC, | ) |
| Defendants. | |

**OPINION AND ORDER**

Following the entry of default, Plaintiff Construction Workers Pension Trust Fund now seek a default judgment against the two defendants, C.N.B Construction, and A.C.C.I. [DE 34; DE 47; 48]. For the reasons discussed below, I will grant the Motion for Default Judgment and order the Defendants to comply with their obligations under the terms of the relevant Collective Bargaining Agreement and the agreements incorporated therein. I will also award the Fund the $43,092.09 in attorney's fees and costs it seeks.

This is a case alleging a failure to comply with audit requests and a failure to submit reports as required under the terms of the CBA and the agreements incorporated therein. The allegations are relatively straightforward. Plaintiff is a pension fund established for unionized construction workers located in northwest Indiana. [DE 19 ¶¶ 5-6]. Defendants CNB and ACCI are construction companies which

employ workers who are covered by the relevant collective bargaining agreement and the agreements incorporated therein. [*Id.* at ¶ 13]. As such, Defendants are required to contribute to the Fund and, from time to time, submit to audits by the Fund or its agent. [*Id.*] The Fund says that Defendants have failed to submit their payroll records for an audit for the payroll period of March 2020 to the present. [*Id.* at ¶ 14]. The Fund also says that Defendants have failed to submit accurate contribution reports for various months, including but not limited to the months of July, August, and September of 2021, and March, April, May, June, July, August, and September of 2022, and the required payments, interest, and/or liquidated damages owed thereon to the Fund pursuant to the terms of the collective bargaining agreement. [*Id.* at ¶ 16]. The Fund states that as result of Defendants' omissions and breaches of the CBA the Fund is unable to determine whether Defendants have complied with their contribution obligations for the period of March 2020 through the present. [*Id.* at ¶ 17]. Moreover, the Fund states it may be required to deny certain benefits to employees for whom contributions have not been made or provide benefits despite Defendants' failure to make contributions thereby reducing the corpus of the entire Fund. [*Id.* at ¶ 18]. The Fund is suing pursuant to various provisions of the Employee Retirement Income Security Act of 1974 (ERISA). [*See* DE 19].

This case was filed on November 15, 2022, and an amended complaint was filed on June 9, 2023. [DE 1; DE 19]. On June 22, 2023, the Fund filed two affidavits of service showing that it hired a process server to serve both CNB and ACCI with a copy of the

2

Amended Complaint and summons on June 20, 2023. [DE 23; DE 24]. Service for CNB was made to the Secretary of CNB who is designated to accept service of process and service for ACCI was made to the individual accepting service at ACCI's address. [DE 23; DE 24]. This address likewise appears to be where both Defendants maintain their principal place of business. [DE 19 at ¶ 4].

Despite service being effectuated over a year ago, Defendant CNB has never responded to this lawsuit and no attorney has entered an appearance in this Court on its behalf. Counsel for ACCI filed an appearance on July 7, 2023. [DE 25]. Counsel for ACCI then filed two Motions for Withdrawal as Attorney on June 04, 2024, and June 17, 2024. [DE 40; DE 42]. ACCI's Motions for Withdrawal as Attorney were granted on June 18, 2024. [DE 43]. ACCI has failed to retain new counsel despite warnings that an LLC cannot represent itself. [*See* DE 44]. Plaintiff has applied for a Clerk's entry of default against CNB and ACCI and the Clerk has entered default against both defendants. [DE 34; DE 47]. On October 10, 2024, the Fund filed a Motion for Default Judgment requesting I order both defendants to comply with their obligations under the CBA to produce payroll records for audit and furnish to Plaintiff the required monthly contribution reports and payments. The Fund likewise seeks to recoup $43,092.09 in attorney's fees and costs. [*See* DE 48].

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments and involves two stages: establishing "default, and the actual entry of a

3

default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016); Fed. R. Civ. P. 55. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *VLM Food Trading Int'l, Inc.*., 811 F.3d at 255. Under Rule 55(a), the Clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). As I've stated, that has all occurred.

A default judgment establishes, as a matter of law, that the defendants are liable to the plaintiff on each cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). An entry of default judgment, however, is not mandatory simply because a party doesn't appear, it is still a matter of discretion for the district court judge. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1991). In exercising that discretion, I consider a number of factors, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have. *See* Wright & Miller 10A Fed. Prac. & Proc. Civ. § 2685 (4th ed.). But all well-pleaded facts in the complaint are taken as true for purposes of liability. *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

Because I take the well pleaded allegations of the complaint as true, I will assume that the allegations regarding the Defendants' failure to comply with the requirements of the CBA and other applicable agreements are true. Plaintiffs have also provided additional support for their allegations. The Fund has submitted the declaration of Scott

4

Frederick, the Fund Administrator to support the allegations in its complaint. [DE 49]. Frederick declares that he has personal knowledge of which employers are out of compliance with the Fund's reporting and audit requirements and that the allegations against the Defendants regarding their failure to comply with the requirements of the CBA and relevant agreements are true. [*Id.*] The fund has included portions of the applicable CBAs, applicable Acceptance of Working Agreements, and Applicable Trust Agreements. [*See* DE 49-1; DE 49-2; DE 49-3; DE 49-4; DE 49-5].

As for the attorney's fees, they are recoverable in ERISA lawsuits like this one pursuant to 29 U.S.C. § 1132(g)(2)(D). I have considerable discretion in awarding attorney's fees under ERISA and I may award them so long as a claimant shows "some degree of success on the merits." *Chesemore v. Fenkell*, 829 F.3d 803, 816 (7th Cir. 2016). The declaration of the Fund's counsel, Alex Behn, lays out the hourly rates of all attorneys involved in this matter and provides that attorneys' fees and costs in this case total $43,092.09. [DE 48-2]. Counsel's declaration is enough to establish the amount of attorney's fees. *See e.g.*, *United States v. Eckert*, 2018 WL 3617261, at *2 (N.D. Ind. July 30, 2018) (explaining that a signed declaration under penalty of perjury is enough to support outstanding balances for purposes of default judgment). Counsel has also provided an Attorney Billing Report which includes the name of the professional engaged in the work, the amount of time spent of the work, a description of the work, the hourly rate for the work, and the total cost of the work. [DE 48-1]. The total cost incurred by the Fund's counsel seems to be reasonable considering the time spent

investigating this case, drafting the complaint, drafting the amended complaint, serving CNB and ACCI, and drafting a motion for default judgment. The Fund is thus entitled to its attorney's fees as well. While the sum sought seems a bit hefty to me, it is nevertheless supported by the evidence.

As explained in the Amended Complaint, both CNB and ACCI share the same business address, registered agent, and owner. [DE 19 at ¶ 10]. Additionally, both CNB and ACCI have affiliated and intertwined business enterprises, with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, and supervision. Thus, I find them to be jointly and severally liable as a single employer. *Lippert Tile Co. v. Int'l Union of Bricklayers & Allied Craftsmen, Dist. Council of Wisconsin & Its Loc. 5*, 724 F.3d 939, 946 (7th Cir. 2013) (explaining that when two entities are sufficiently integrated, they will be treated as a single employer); *Cent. States Se. & Sw. Areas Pension Fund v. Messina Prods., LLC*, 706 F.3d 874, 878 (7th Cir. 2013) (explaining that each business under common control is jointly and severally liable for the liability of any other).

## Conclusion

For the foregoing reasons, Plaintiff Construction Workers Pension Trust Fund Lake County and Vicinity's Motion for Default Judgment [DE 48] is **GRANTED**.

Therefore, the Court:

1. **ORDERS** the Defendants to comply with their obligation to produce payroll records for audit, pursuant to the terms of the relevant Collective Bargaining Agreements and Trust Agreement and the applicable provisions of ERISA;

2. **ORDERS** the Defendants to furnish to Plaintiff the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendants' parts according to the terms and conditions of their Collective Bargaining Agreements; and

3. **ORDERS** the Defendants to pay to the Plaintiff attorney's fees and costs totaling $43,092.09.

**SO ORDERED**.

ENTERED: January 17, 2025.

                                         /s/ Philip P. Simon
                                         PHILIP P. SIMON, JUDGE
                                         UNITED STATES DISTRICT COURT